### In re BLUM.

District Court, S. D. Ohio, E. D.
July 11, 1941.

James T. Pickering, of Lancaster, Ohio, for the debtor.

J. F. Williamson and John S. Grimes, both of Louisville, Ky., for the creditors, Louisville Land Bank and Federal Farm Mortgage Corp.

UNDERWOOD, District Judge.

This cause came on to be heard upon a certificate in review filed on account of a certain order made by the Conciliation Commissioner and entered herein on March 27, 1940.

The farmer-debtor having filed his amended petition asking that he be adjudged a bankrupt under Section 75, sub. s of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s, the Conciliation Commissioner caused an appraisal to be made and by the order complained of, fixed the rental to be paid by the farmer-debtor. Thereafter the Federal Land Bank of Louisville and the Federal Farm Mortgage Corporation of Louisville, filed their exceptions to said order and requested that a certificate in review issue.

The petitioners cite two exceptions to the order of the Conciliator:

First: "That the said appraisal is too low, and does not represent the fair and reasonable market value of the real estate;"

Second: "That the rental is too low, and the amount of said rental is not the usual, customary rental in the community where the property is located, and is not based upon the rental value, net income, and earning capacity of the property."

No evidence was presented upon either of these two points and it is therefore impossible for the Court to determine whether or not the facts were properly found by the Conciliator. In the absence of knowledge to the contrary, the Court would be compelled to presume that the facts were properly found and that the law applied by the Conciliation Commissioner was a correct interpretation of the law as contained in the statute. However, disposition of the issues in the instant case can not be so readily made.

The Conciliation Commissioner in his statement to the Court, expressed the opinion that Section 75, sub. s, required that the rental be fixed in an amount depending solely upon the ability of the farmer-debtor to pay. It developed that this was the theory of law upon which the order complained of was based. The petitioners in review contend that the rental should be "the usual, customary rental in the community where the property is located" based upon the rental value, net income, and earning capacity of the property. In reality, the question presented to the Court, is whether or not the Conciliation Commissioner correctly interpreted the law, and it is to this question that the special report of the Conciliator and the brief of the petitioners have been directed.

Section 75, sub. s(2) of the Bankruptcy Act as amended, 11 U.S.C.A. § 203, sub. s(2) provides as to rental: "During such three years the debtor shall be permitted to retain possession of all or any part of his property, in the custody and under the supervision and control of the court, provided he pays a reasonable rental semiannually for that part of the property of which he retains possession. The first payment of such rental shall be made within one year of the date of the order staying proceedings, the amount and kind of such rental to be the usual customary rental in the community where the property is located, based upon the rental value, net income, and earning capacity of the property."

A careful reading of this portion of the statute reveals that the first requirement as to any rental fixed is that it shall be a "reasonable rental." This is a general requirement and is one which every rental must meet. If the definition of the statute went no further, the Court would be impelled to hold that a "reasonable rental" would be one reasonable in view of all the then existing circumstances. This in effect, is exactly what the statute then provides: " * * * the amount and kind of such rental to be the usual customary rental in the community where the property is located, based upon the rental value, net

income, and earning capacity of the property."

Here then, is the second requirement to be observed in fixing the rental, that is, that it shall be in "the amount and kind" "usual" and "customary" "in the community where the property is located". The statute goes still further, providing that this "reasonable rental" to be fixed in "the amount and kind," usual and customary in the community, shall be based upon certain factors, namely, "rental value, net income, and earning capacity of the property."

The factor here in question, the ability of the farmer-debtor to pay, is not specifically mentioned in these requirements. It is involved only inasmuch as it should properly be given due consideration in determining what is a "reasonable rental" and in considering net income, and earning capacity of the property. The basic and controlling factors are those written into the law by the Congress and the ability of the debtor to pay is but one of the "sub-factors" to be considered in connection with the basic factors enumerated. To make this single item a controlling force, is to disregard the expressed intent of the law.

It is the opinion of this Court that in fixing a "reasonable rental", the Court has the right to expect that this will presuppose a reasonable effort on the part of the debtor to make the property produce a reasonable return commensurate with the value and productivity of the land. That it will presuppose a reasonable effort on the part of the debtor to make a reasonable use of the land and equipment given into his charge by the terms of the act, and that the debtor shall make reasonable diligent effort to rehabilitate himself. Therefore "token payments" meet neither the requirements nor the spirit of the law.

This Court therefore holds that rental fixed in conformity with the Act must conform to the following requirements:

1. It must be a reasonable rental;

2. It must be of the amount and kind usual and customary in the community in which the property is located;

3. In addition to meeting the first two requirements, such rental shall be based upon rental value, net income, and earning capacity of the property; and

4. Such rental must presuppose that the debtor will make reasonable and diligent use of the property in view of the value, productivity, size, extent, and other conditions then existing.

It may be added that in addition to these specific factors to be considered in determining a "reasonable rental," the Court and the Conciliation Commissioners are bound to take into consideration also, the essential purpose of the Act to effect the rehabilitation of the farmer.

It is therefore the conclusion of this Court that this case should be rereferred to the Conciliation Commissioner with instructions to take further proceedings therein in conformity with this opinion. Having no knowledge of the facts involved, the Court can not pass upon the propriety of the amount of the appraisal, nor upon the amount of the rental fixed, but can only rerefer the case with instructions to apply the law as declared herein.

Entry accordingly.